# Thomas Collins, et al., v. The People of the State of Illinois.

## Gen. No. 4,364.

1. CRIMINAL LIBEL—*what indictment for, need not contain.* Where the libel consisted in the publication, among other things, of a statement that a public official was shielding a defaulter, it need not be alleged in such indictment that it was the duty of such official to prosecute such defaulter.

2. CRIMINAL LIBEL—*what necessary to establish charge of.* In order to sustain an indictment for criminal libel, it is not necessary that the people should prove every part and word of the libelous article; it is sufficient to prove enough of the article to establish the libel charged.

3. VARIANCE—*what not a material.* Where the article offered in

Collins v. The People.

evidence and that set up in the indictment for libel differ with respect to a single word which in no wise changed the meaning of such libel, the variance will not reverse.

Criminal prosecution for libel. Error to the Circuit Court of Kankakee County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the April .term, 1904. Affirmed. Opinion filed August 24, 1904.

DONOVAN & SHIELDS, for plaintiffs in error.

BERT L. COOPER, for defendant in error.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

Plaintiffs in error, Thomas Collins and John Smith, were indicted in Kankakee county for publishing an alleged libelous article of and concerning Hiram L. Richardson. A motion to quash the indictment was sustained as to the first count and overruled as to the second. Under the second count they were tried and convicted and each sentenced to pay a fine of $50. Said second count of the indictment in substance charged that Hiram L. Richardson was city attorney in and for the city of Kankakee, and that plaintiffs in error were the editors, publishers and proprietors of a certain newspaper of general circulation, published and circulated in said Kankakee county, in which they published the alleged libelous article. The article as set out in the indictment was as follows:

"Protects Criminals—Richardson (meaning the said Hiram L. Richardson) Makes Deal with Ed. Warriner— Defaulter Allowed (meaning by Richardson) to go at Liberty if he Writes Ring Slime.—About one year ago the city council (meaning the city council of Kankakee city) by a unanimous vote, instructed Hi. Richardson (meaning Hiram L. Richardson) as city attorney to commence prosecution against Warriner (meaning Ed. Warriner) for embezzling $96 of the city's funds (meaning the funds of Kankakee city aforesaid). It was clearly Richardson's (meaning Hiram L. Richardson) duty to prosecute Warriner the minute he (meaning Ed. Warriner) stepped inside the city limits, but this is not what he (meaning Hiram L. Richardson) did. Instead he (meaning Hiram L. Richardson) made a deal

with Warriner (meaning and intending to charge that
Hiram L. Richardson made a corrupt and unlawful bargain
with Warriner) that if he (meaning Warriner) would write
slime and slander for the ring, prosecution would be
avoided (meaning and intending to charge that if Warri-
ner would write as aforesaid, Richardson would fail to ful-
fill his duty as an official, to wit, as city attorney).

This is merely a case where the city attorney has bar-
tered his duty for his political gain (meaning and intend-
ing by this language to charge that the said Hiram L.
Richardson as the officer of the municipality was guilty of
malfeasance and neglect of official duty unlawfully).   He
(meaning Hiram L. Richardson) is simply protecting a de-
faulter instead of prosecuting him, and Warriner is merely
discharging his obligation."

Plaintiffs in error contend that the court erred in over-
ruling their motion to quash the second count of the in-
dictment because it was not charged therein that it was
the official duty of Richardson to prosecute Warriner for
embezzlement.   We do not understand this to be the law.
Our statute defines libel to be "A malicious defamation,
expressed either by printing, or by signs or pictures or the
like, tending to blacken the memory of one who is dead,
or to impeach the honesty, integrity, virtue or reputation
or publish the natural defects of one who is alive, and
thereby expose him to public hatred, contempt, ridicule, or
financial injury." This statement of the elements neces-
sary to constitute libel appears to us to preclude the neces-
sity for the averments counsel for plaintiff in error contend
the indictment should have contained.

As printed in the paper offered in evidence on the trial,
the word "of" appeared in the second line of the second
paragraph after the words "he stepped inside," and before
the words "the city limits," and not appearing in the article
as set out in the indictment, it is contended that this was
such a variance as that the court should have sustained the
objection of plaintiffs in error to the introduction of the
paper in evidence.   The omission of the word "of" in no
wise affects the meaning or the sense of the sentence from
which it is omitted in the indictment.   The full sentence as

published in the newspaper was, "It was clearly Richardson's duty to prosecute Warriner, and arrest him the minute he stepped inside of the city limits, and this is not what he did." It will thus be seen that the meaning of the sentence is as complete without as with the word "of," and its omission could not, therefore, constitute such a variance as would justify a reversal on that ground. Besides, omit the entire paragraph from which the word is left out, and the article still contains all the necessary elements to constitute it libelous. It was not necessary that defendant in error should prove every part· and word of the libelous article. It was sufficient to prove enough of the article to constitute the libel charged. Quigley v. The People, 2 Scam. 301, was an indictment for forgery. The indictment set out the note as payable to "B. Aymar, bearer." The note offered in evidence was payable to "B. Aymar *or* bearer," and its introduction was objected to on the ground of a variance. The objection was overruled, the defendant convicted and sentenced to imprisonment, and the judgment sustained by the Supreme Court. People v. Phillips, 70 Cal. 61, was an indictment for forgery. The note as set out in the indictment was "I promise to pay *to* H. C. Phillips," etc. The note when offered did not contain the word "to" before the name H. C. Phillips. This was held not to be a variance, and a number of authorities cited in the opinion in support of the proposition. This position is sustained also by Whart. Cr. L., sec. 606; U. S. v. Hinman, 1 Bald. 292.

It is next insisted that the evidence was insufficient to authorize the conviction of plaintiff in error Smith. A witness, who stated he was at the time the article was published, a reporter on the newspaper, testified that it bore the line "Evening Democrat, Collins & Smith, Publishers," and that he did not know what Smith was referred to by that line, but that plaintiff in error Smith was working there while he was; that his position was that of business manager, and that his office was in the front part of the building, and the composing room in the back part. He further testified that Smith kept the books and gave rates

on advertisements, and all things connected with the business management.. We are of opinion this made a sufficient case against plaintiff in error Smith to impose the burden upon him of showing that he was not the Smith mentioned in the paper as one of its publishers, if such was the fact.

We find no substantial error in the giving and refusing of instructions, and the judgment is affirmed.

*Affirmed.*